## LOCKHART v. UNITED STATES.

### No. 9083.

Circuit Court of Appeals, Eighth Circuit.

Aug. 19, 1931.

J. R. Lones, of Omaha, Neb. (Raymond T. Coffey, of Omaha, Neb., on the brief), for appellant.

Edson Smith, Asst. U. S. Atty., of Omaha, Neb. (Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty.,

both of Omaha, Neb., Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb., and Lawrence I. Shaw, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before STONE and GARDNER, Circuit Judges, and YOUMANS, District Judge.

YOUMANS, District Judge.

Appellant was convicted upon an information charging him with the unlawful transportation in an automobile of 25 gallons of alcohol and five gallons of whisky. Before trial appellant filed a motion to suppress evidence on the ground that it was obtained by a search and seizure without a search warrant or warrant of arrest. The motion was submitted to the court on the affidavits of defendant and two prohibition officers and was overruled. Upon trial a verdict of guilty was returned. A motion for a new trial was overruled, as was also a motion for judgment for the defendant notwithstanding the verdict. Eight errors were assigned, but only two were urged and argued by appellant at the hearing. They were: (1) That the court erred in overruling the motion to suppress evidence; and (2) that the evidence did not show transportation within the meaning of the statute.

On the motion to suppress evidence the government introduced the affidavit of one of the prohibition officers, which was as follows:

"That on or about the 28th of January, 1929, on information that a Chrysler Coupe, License Number 11-3286 Nebraska 1928, driven by Bernie Lockhart, would leave the residence located at 1510 South 60th Street, Omaha, Douglas County, Nebraska, between 10 A. M., and 1 P. M., with a load of alcohol bound for out of town, affiant went to the premises located at 1510 South 60th Street, Omaha, Nebraska, accompanied by Agents Jones and Mathwig, and watched said premises from about three-quarters of a block north. That at about 11:37 A. M., on said day, he saw a man come out of a house and open the door of a Chrysler Coupe which was parked by the home, the address of which is 1510 South 60th Street, said Chrysler Coupe bearing license Number 11-3286 Nebraska 1928; that he saw this man open the back of the said Chrysler Coupe and place five 1 gallon cans in the back end of said car; that he then saw the side door of the house, the address of which is 1610 South 60th Street, open and a lady hand this man twenty more 1 gallon cans, which were placed in the back end of the car.

"That said cans were similar to the shape and the size of cans commonly used by bootleggers in the vicinity of Omaha, Nebraska, for carrying alcohol.

"That the man then returned to the house, the address of which is 1610 South 60th Street, and did not come out again until 12:35 P. M., when he got in the said car and started away. That affiant then went over to and stopped the car. That affiant found twenty-five 1 gallon cans full of alcohol and a five-gallon jug of whisky in said car."

The affidavit of another officer was introduced which was the same as the first. The officers had neither search warrant nor warrant of arrest. The legality of their search and arrest must depend upon probable cause.

In the case of Carroll v. United States, 267 U. S. 132, 149, 45 S. Ct. 280, 283, 69 L. Ed. 543, 39 A. L. R. 790, the Supreme Court, speaking by Mr. Chief Justice Taft, said: "On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid."

In this case the circumstances known to the seizing officers were:

1. The information that the appellant would leave a certain place between certain hours with a load of alcohol in an automobile "bound for out of town."

2. At the time and place named appellant was observed loading twenty-five 1-gallon cans into the back end of an automobile.

3. That the cans were similar in shape and size to cans commonly used by bootleggers for carrying alcohol in the vicinity of Omaha.

Within the rule above stated these circumstances constituted probable cause for the search.

Upon the trial the testimony of the officers was that they watched the premises from a point where they had an unobstructed view; that they saw the appellant come out of the house, go to the car and raise up a door at the rear end and leave it open; that he went back to the house and brought out a number of cans and placed them in the back end of the car; that a woman came out of the house and handed to appellant a number of cans and he took them and also placed them in the end of the car; that he got into the car himself and started off, and at this point he was stopped by the officers who arrested him and searched the car and found twenty-five 1-gallon cans of alcohol and a five-gallon jug of whisky. One of the officers stated that the appellant said he was taking the alcohol and whisky to Syracuse, Neb., and was going to sell it. The officers also testified that the appellant drove his car about ten feet before he was stopped.

Appellant denied that he stated to the officers that he was taking the alcohol and whisky to Syracuse, Neb. He also denied that he had moved the car at all.

Upon the conclusion of the evidence appellant moved for a directed verdict upon the ground that it was "shown by the evidence that no liquor was transported off the premises at 1510 South 60th Street, Omaha, Nebraska"; and "that the transportation of the liquor as testified to by the government witnesses is so slight that it does not change the status of the intoxicating liquor, which is an element of the offense of transportation." The motion was denied. With reference to transportation, the court instructed the jury as follows:

"To transport intoxicating liquor in an automobile within the meaning of the law, gentlemen, means to convey it from one place to another place. That is what the phrase transport by automobile means. It does not mean that although liquor was in an automobile the mere moving of it to one side at the same place or moving it here or there in a man's own yard, merely as a movement of the automobile and not with the intention of getting the liquor from one place to another, that would not come within the meaning of transportation. * * * There is evidence here adduced by the Government's witnesses to show that the car was set in motion by the defendant after it was loaded with this liquor and that it was caused to be stopped by them thereafter before it had gotten over the driveway, and while it was in motion and going away. If that is the case, if it is true that it was stopped by the agents to prevent the movement for the transportation of liquor, for carrying it to some other place, and you are satisfied beyond a reasonable doubt, you should convict the defendant of transportation.

"On the other hand, there is testimony offered by the defendant to the effect that the car was not put in motion at all. That the defendant was in it and was running the engine for the purpose of warming it up; that

734

at the identical moment when he was arrested he was leaning over, fixing the heater in the car, and that he had not started to transport it in the car. If you believe that account of the transaction, or, if it seems to you that the evidence is evenly balanced so that you cannot be certain on this evidence as to whether the car had been set in motion as a part of the transportation or whether it was standing there as described by the defendant, and he has witnesses who testified to the same effect, then you should acquit him. If there remains in your minds a reasonable doubt as to whether or not the car was set in motion, by way of transportation, you should acquit."

The instruction correctly defined transportation as used in the prohibition act sufficiently favorable to appellant. It also clearly submitted the question upon the two lines of testimony, one on the part of the government that the automobile had actually started, and the other on the part of the defendant that it had not started. The jury believed the witnesses for the government.

The case should be, and is, affirmed.